```
 1
 2
 3
 4
 5
 6                    UNITED STATES DISTRICT COURT
 7                         DISTRICT OF NEVADA
 8
 9  LEONARD HAIRSTON,
    0711642,
10                                      2:11-cv-01632-JCM-RJJ
           Plaintiff,
11
    vs.                                 ORDER
12
    LAS VEGAS METROPOLITAN POLICE
13  DEPARTMENT, et al.,
14         Defendants.
15
```

16   This *pro se* prisoner civil rights action comes before the court on plaintiff's application

17 (#1) to proceed *in forma pauperis* and for initial review of the complaint under 28 U.S.C. §

18 1915A.[1]

19   The court finds that plaintiff is unable to pay an initial partial filing fee toward the full

20 filing pursuant to 28 U.S.C. § 1915(b)(1). The application to proceed *in forma pauperis*

21 therefore will be granted, as per the remaining provisions in this order.

22   Turning to initial review, when a "prisoner seeks redress from a governmental entity

23 or officer or employee of a governmental entity," the court must "identify cognizable claims

24 or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous,

25 malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

26 relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

27 ―――――――――――――――

28   [1]While the clerk has docketed the action with plaintiff's name as "Leohard" Hairston, review reflects that plaintiff is the same Leonard Hairston who has filed several actions in this court in the past.

1  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

According to the allegations of the complaint, plaintiff Leonard Hairston is a pretrial detainee being held in the Clark County Detention Center on Nevada state criminal charges. He seeks to proceed against, in their individual and official capacities, the sheriff, two police

officers, and perhaps the Las Vegas Metropolitan Police Department alleging that he has been subjected to false arrest and false imprisonment. In count I, he alleges that he was subjected to an unlawful search and seizure in violation of the Fourth Amendment at the time of his February 17, 2008, arrest. In count II, he alleges that he was denied due process of law in violation of the Fifth Amendment because of an allegedly jurisdictionally defective criminal complaint filed on March 19, 2008. In count III, he alleges that he has been denied a right to a speedy trial under the Sixth Amendment because of delay from the February 17, 2008, arrest through October 24, 2011, without having been brought to trial. Plaintiff additionally alleges in count III that he sustained "physical injuries of head, neck, back, from, fall, while in custody." Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees, with no prayer for injunctive or declaratory relief.

At the outset, plaintiff's conclusory allegation only that he sustained physical injuries from a fall while in custody does not establish a basis for liability against any named defendant. Merely alleging that plaintiff was injured in a fall while in custody does not permit the court to infer more than the mere possibility of misconduct with regard to the alleged incident. The claim therefore will be dismissed with leave to amend to state a claim upon which relief may be granted, if possible.

With regard to the remaining claims, under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), absent extraordinary circumstances, a federal court may not interfere with a pending state criminal proceeding. Where *Younger* abstention is required, an action seeking only monetary damages must be stayed pending the outcome of the state proceedings. *See,e.g., Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004)(*en banc*); *see also Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1098, 166 L.Ed.2d 973 (2007)(if a damage action would impugn a possible future conviction, a stay may be appropriate until the criminal proceedings are concluded); *Heck v. Humphrey*, 512 U.S. 477, 487 n.8, 114 S.Ct. 2364, 2373 n.8, 129 L.Ed.2d 383 (1994)(similar). *Younger* abstention may be raised by the federal court *sua sponte*. *See,e.g., San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

Plaintiff accordingly will be required to show cause in writing why this action should not be stayed on the basis of *Younger* abstention.

IT THEREFORE IS ORDERED that plaintiff's application (#1) to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the clerk 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account. **The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

IT FURTHER IS ORDERED that the clerk shall file the complaint.

IT FURTHER IS ORDERED that count III is DISMISSED IN PART without prejudice for failure to state a claim upon which relief may be granted, to the extent that plaintiff claims that he was physically injured from a fall while in custody, subject to leave to amend within thirty (30) days of this order.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff shall SHOW CAUSE in writing why this action should not be stayed on the basis of *Younger* abstention.

1    If plaintiff fails to timely respond to this show cause order, or if he fails to demonstrate
2 that *Younger* abstention is not appropriate in this case, the action will be stayed as to all
3 remaining claims for relief pending the outcome of petitioner's pending state criminal
4 proceedings, through to the completion of all proceedings on direct review of any judgment
5 of conviction.
6    If a stay order is entered in this action, the case will be administratively closed, without
7 entry of a final judgment, until such time as an order is entered reopening the action.
8    Nothing in this order precludes dismissal on any other basis warranted under the
9 circumstances then presented, without regard to whether a stay has or has not been entered.[2]

DATED:  December 20, 2011.

_____
JAMES C. MAHAN
United States District Judge

---

[2] The court expresses no opinion at this juncture as to whether the remaining claims for relief in the complaint otherwise ultimately may be subject to dismissal on other grounds, including but not limited to untimeliness and/or failure to state a claim upon which relief may be granted as to the defendants named or otherwise.

-5-